1  Quenga.2255

2  LEONARDO M. RAPADAS
   United States Attorney
3  KARON V. JOHNSON
   Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
5  Agana, Guam 96910
   Telephone: (671) 472-7332/7283
6  Telecopier: (671) 472-7334

7  Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
AUG 16 2005 ᾳᵖ
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| JOSEPH ASANO QUENGA,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CRIMINAL CASE NO. 00-00134<br>CIVIL CASE NO. 05-00024<br><br>**ANSWER TO MOTION TO**<br>**VACATE, SET ASIDE OR**<br>**CORRECT SENTENCE** |

Defendant was arrested by the Guam police officers August 30, 2000, when they executed a search warrant on his residence and seized a quantity of firearms and ammunition. He was held in local custody until November 21, 2000, when defendant appeared before the district court with counsel Curtis Van De Veld and entered a plea to an information charging felon in possession of an Intratec assault pistol. The plea was entered under seal, because defendant wanted to attempt to lower his sentence by giving substantial assistance to the government. Because of his numerous prior convictions for burglary, the government advised defendant it intended to seek an enhanced sentence pursuant to 18 U.S.C. § 924(e)(1), which would subject him to a mandatory sentence of 15 years (180 months). Defendant stipulated to possession of the Intratec assault pistol, which was found in his bedroom, and to five prior burglary convictions. He was released

-1-

on the condition he report to the ATF office 9 a.m. daily. A status hearing was set for March 12, 2001, at 2:30 p.m.

Thereafter, the parties secured several continuances of defendant's status hearing, until December 18, 2001, when they requested the court to unseal the case and order a presentence report. Sentencing was initially set for March 18, 2002, then subsequently continued to June 13. While on release, however, defendant violated his release conditions and was arrested. On May 22, 2002, the government filed a sentencing memorandum concerning an enhanced sentence under § 924(e), and moved the court for a substantial assistance departure to 174 months because he had participated in one controlled substances buy, for a quantity of two grams of ice. The Federal Public Defender, Robert Hartsock, was appointed to represent defendant June 14, 2002. The presentence report determined that defendant was subject to a Guidelines range of 135-168 months, trumped by the mandatory minimum term of 15 years (180 months) required by § 924(e). Defendant ultimately was sentenced August 8, 2002, to 174 months incarceration.

Defendant filed a notice of appeal on August 12, 2002, but withdrew his appeal because "[t]he defendant in consultation with his counsel has determined that there are no non-frivolous appeal issues which could be appropriately presented to the Court." By order entered November 25, 2002, the Ninth Circuit granted defendant's motion and dismissed his appeal (CA # 02-10426). Nothing further occurred in this matter until defendant filed his motion for post conviction relief August 2, 2005.

Defendant does not attack the validity of his conviction; at page 5 of his petition he emphasizes that he "does not challenge his plea of guilt." This petition, rather, is to "challenge his sentence and the fact that he was not afforded his right to effective assistance of counsel, and effective assistance of appellate counsel." He asserts at page 13 that he has received an "unconstitutional sentence in an unconstitutional manner, in violation of his sixth amendment right to trial by jury, and his sixth amendment right to effective assistance of counsel and effect assistance of appellate counsel, that has resulted in his having been given a substantially greater

sentence which can easily be termed a serious miscarriage of justice." At page 16, defendant appears to contend his sentence was unconstitutional because it was increased based on "prior convictions." He claims Mr. Hartsock was incompetent in not pursuing an appeal because his sentence was based upon prior convictions which had not been proven to a jury. Consequently, he argues, he should be given the right to take a direct appeal and challenge his sentence pursuant to United States v. Booker, 125 S.Ct. 738 (2004). He claims at page 32 that his "current 174-month sentence would have been shorter if not for his lawyer's ineffectiveness."

A. Defendant's Petition Is Not Timely

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a strict one-year limitation on when a prisoner could bring a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The one-year period runs from the latest of several events, here from the date on which the judgment of conviction became final, November 25, 2002. This petition was filed more than two years thereafter, and consequently is not timely.

B. Defendant's Counsel Was Not Ineffective

Claims of ineffective assistance of counsel are reviewed using the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show (1) that counsel's performance was deficient or fell below an objective standard of reasonableness and (2) he was prejudiced by counsel's deficiency. Id. at 687. A defendant bears a heavy burden in proving an ineffective assistance claim because counsel is presumed effective. Id. at 689. A reviewing court need not address both prongs if the defendant makes an insufficient showing as to one of them. Id. at 687. The petitioner must affirmatively plead the actual resulting prejudice resulting from his attorney's ineffective representation. Hill v. Lockhart, 474 U.S. 52, 59-61 (1985).

Defendant bears the burden of proving that, had Mr. Hartsock filed an appeal, his sentence would have been different. There are two flaws in defendant's Booker argument. First, he pled guilty, knowingly waiving his right to a jury trial. As part of that plea, attached hereto as

-3-

Exhibit 1, he admitted he had five prior convictions for burglary. Because defendant admitted the fact of his convictions, the government did not need to prove them.

Second, defendant believes that <u>Booker</u> requires a jury to have passed on his prior convictions before they could be used to enhance his sentence. Thus, he argues, an appeal would have resulted in a lower sentence. To the contrary, even if <u>Booker</u> were deemed retroactive, it applies to facts "other than a prior conviction", id. at 756, affirming <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

Mr. Hartsock acted competently in advising the defendant to abandon his appeal. There were no issues to raise and any such appeal would have been frivolous and totally without merit. In short, defendant has failed to demonstrate that an appeal would have changed his sentence in any respect.

For all these reasons, the defendant's petition should be denied.

Respectfully submitted this 16th day of August, 2005.

> LEONARDO M. RAPADAS
> United States Attorney
> Districts of Guam and NMI
>
> By: /s/ Karon V. Johnson
> KARON V. JOHNSON
> Assistant U.S. Attorney

COPY

jquengaple

FREDERICK A. BLACK
United States Attorney
MARK E. KONDAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910-5009
TEL: (671) 472-7332/7283
FAX: (671) 472-7334

FILED
DISTRICT COURT OF GUAM
NOV 21 2000
MARY L.M. MORAN
CLERK OF COURT

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 00-00134 |
|---|---|
| Plaintiff, | ) |
| vs. | ) **PLEA AGREEMENT** |
| JOSEPH ASANO QUENGA, | ) |
| Defendant. | ) |

Pursuant to Rule 11(e)(1)(B), the United States and the defendant, JOSEPH ASANO QUENGA, enter into the following plea agreement:

1. The defendant agrees to waive Indictment pursuant to Federal Criminal Procedure Rule 7(b), and enter a guilty plea to an Information charging him with felon in possession of firearm, in violation of Title 18, United States Code, Sections 922(g)(1) & 924(a)(2).

2. The defendant agrees to cooperate fully with the United States. The defendant understands and agrees that complete and truthful cooperation is a material condition of this agreement. Cooperation shall include providing all information known to the defendant regarding any criminal activity, including but not limited to the offense described in this agreement. Cooperation will also include complying with all reasonable instructions from the United States, submitting to interviews by investigators and attorneys at such times and places to be determined

-1-

EXHIBIT 1

by counsel and/or investigators for the United States and to testify fully and truthfully before any grand juries, hearings, trials or any other proceedings where the defendant's testimony is deemed by the United States to be relevant. The defendant understands that such cooperation shall be provided to any state, local and federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that the defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or has done concerning the government's investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to "tip" or warn any subject of this investigation that defendant, subject or anyone else is being investigated. The United States agrees that any statements made by the defendant during the cooperation phase of this agreement shall not be used against him in any subsequent prosecutions or in determining the applicable guideline range, unless the defendant has breached this agreement. In return for this cooperation, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Marianas Islands now known to the government or which she reveals to Federal authorities.

3. The defendant further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner upon request of the United States. The defendant understands that such polygraph examinations may include, but will not be limited to, his knowledge of or involvement in any criminal activity, including but not limited to the offense described in this agreement and his knowledge of others' involvement in unlawful activities. Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

4. The defendant understands that the <u>maximum</u> sentence for felon in possession of firearm is incarceration for ten (10) years and a $250,000 fine. Any sentence imposed shall include a term of supervised release of at least two (2) years but not more than three (3) years in addition to such term of imprisonment, as well as, such restitution as the court may order, and a $100 special assessment fee. The $100 special assessment fee must be paid at the time of sentencing. If the defendant violates a condition of supervised release at any time prior to the

expiration of such term, the court may revoke the term of supervised release and sentence him to an additional three (3) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3). Therefore, the maximum term of incarceration which defendant could possibly serve is thirteen (13) years.

If defendant cooperates as set forth in Paragraphs 2, 3, and 4, the government will recommend that defendant receive the minimum term of incarceration legally available under the applicable statutes and Sentencing Guidelines. If defendant does not fully cooperate as set forth in Paragraphs 2, 3, and 4, the government will recommend whatever sentence of incarceration within the Guidelines range it may deem appropriate. If the United States believes the defendant has provided "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e), the United States will request the Court to depart below the guideline range when fixing a sentence for this defendant or may, within one year after sentencing herein, move the Court to order relief pursuant to Rule 35, Rules of Criminal Procedure. The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U. S. Attorney, defendant has provided "substantial assistance" which would merit a government request for a downward departure from the applicable guideline sentencing range:

(1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

(3) the nature and extent of defendant's assistance;

(4) any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and;

(5) the timeliness of any assistance provided by defendant.

It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. If defendant is financially unable to immediately pay the fine in full,

defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish the offense of felon in possession of firearm, a violation of Title 18, United States Code, Sections 922(g)(1) 924(a)(2), the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant knowingly possessed a black .9mm Intratec assault-pistol, model TEC-DC9, Serial Number D070126 that had been shipped or transported from the mainland of the United States of America to Guam;
>
> Second: at the time the defendant possessed the black .9mm Intratec assault-pistol, model TEC-DC9, Serial Number D070126, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

6. The defendant understands that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to §1B1.2, in calculating the applicable guidelines level.

Further, if the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.8(a) of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guideline's range projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea. Pursuant to Federal Rule of Criminal Procedure Rule 11(e)(2), the defendant also understands that if the court does not accept the sentencing recommendation made by the United States to the court pursuant to Rule 11(e)(1)(B), the defendant nevertheless has no right to withdraw his guilty plea.

7. The government and the defendant stipulate and agree to the following facts for

-4-

Case 1:00-cr-00134   Document 33   Filed 08/16/2005   Page 8 of 12

purposes of the Sentencing Guidelines and that the Sentencing Guidelines range shall be determined solely from the facts set forth herein, to wit:

The defendant was born on June 21, 1968 and is a citizen of the United States of America.

On August 30, 2000, the Guam Police Department and the Violent Street Crime Task Force executed a search warrant at the defendant's residence. The officers found six firearms in the defendant's residence. One of the firearms, a black .9mm Intratec assault-pistol, model TEC-DC9, Serial Number D070126 was found in the defendant's bedroom.

On August 30, 2000, the defendant had been convicted of the following felony offenses: three counts of Burglary (Each as a 2nd Degree Felon) and two counts of Possession of a Firearm Without an Identification Card (Each as a Felony) on April 27, 1992, under Criminal Number CF094-91, In the Superior Court of Guam, and two counts of Burglary (Each as a 2nd Degree Felony) on April 27, 1992, under Criminal Number CF094-91, In the Superior Court of Guam

8. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

9. If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be

-5-

represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon The Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

10. The defendant understands that his sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to determine the full degree of the defendant's cooperation. The defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

11. The defendant acknowledges that the United States of America will seek to enhance his sentence under 18 U.S.C. §924(e)(1). Section 924(e)(1) provides that a person who violates 18 U.S.C. §922(g) and has three previous convictions by any court referred to in section 922(g)(1) for a violent felony or serious drug conviction, or both, committed on occasions different from one another, shall be fined $250,000 and imprisoned not less than fifteen (15) years, "and notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to such person with respect to the conviction under section 922(g)." The maximum sentence the defendant can receive under 924(e)(1) is life. The United States intends to rely upon the following convictions to seek the enhanced penalty:

> Three counts of Burglary (Each as a 2nd Degree Felony), Case No. CF094-91, In The Superior Court Territory of Guam on April 27, 1992; and

> Two counts of Burglary (Each as a 2nd Degree Felony), Case No. CF150-91, In The Superior Court Territory of Guam on April 27, 1992.

The United States will provide the defendant, through his counsel, with copies of the court records pertaining to the above convictions on which it plans to rely in seeking the enhanced penalty.

12. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

   a. The nature and elements of the charges and the mandatory minimum penalty

-6-

Case 1:00-cr-00134   Document 33   Filed 08/16/2005   Page 10 of 12

provided by law and the maximum possible penalty provided by law;

    b. his right to be represented by an attorney;

    c. his right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

    d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

    e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

    f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

    g. That he reads, speaks, writes and understands English;

    h. That he has read this agreement, and he fully understands it.

    i. The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

//
//
//
//
//
//
//
//
//
//

-7-

Case 1:00-cr-00134    Document 33    Filed 08/16/2005    Page 11 of 12

13. In exchange for the Government's concessions in this Plea Agreement, the defendant waives any right to appeal this conviction. The defendant reserves the right to appeal the sentence imposed in this case.

DATED: 11/14/2000

*(signature)*
JOSEPH ASANO QUENGA
Defendant

DATED: 11-14-00

*(signature)*
CURTIS CHARLES VAN DE VELD
Attorney for Defendant

FREDERICK A. BLACK
United States Attorney
Districts of Guam and NMI

DATED: 11-16-00

**Original Signed by**
**JOSEPH F. WILSON**
MARK E. KONDAS
Assistant U.S. Attorney

-8-