FILED
DISTRICT COURT OF GUAM
SEP 12 2005
MARY L.M. MORAN
CLERK OF COURT

Joseph Asano Quenga
  Petitioner,

v.

United States of America,
  Respondents.

CR/00-00134
Civil:05-00024

## PETITIONER'S RESPONSE TO THE GOVERNMENT'S - RESPONSE

Comes now the Petitioner "Joseph Asano Quenga" pro se in the above cited caption will now respond to the governments response to a petition that he filed in this court on or about August 16, 2005, a petition pursuant to 28, U.S.C. §1651, All Writs Act, 28 U.S.C. §2255, 28 U.S.C. §2241, Extraordinary writs of error coram nobis, and audita querela.

The petitioner will now begin with page(2) of the government's response. The issue at bar, is quite clear that Quenga specifically told counsel to file notice of appeal, and prepare the appeal briefs. Counsel failed to do so. There was no intelligent consent on Quenga's part to a failure to file the appeal briefs.

It's clear that Quenga had little or no understanding of what the process was, or what appeal meant at that stage of the game. Counsel decided to mail Quenga a "motion to withdraw" his appeal and said to Quenga Quote: <u>Just sign the withdraw for now</u>". Giving Quenga the...

the mental impression of "just for now" that counsel would prepare the appeal briefs at a later date. Petitioner contends that counsel is in violation of ANDERS, because if counsel felt that there were no claims that he felt had any merit, he should have filed an Anders, brief requesting to withdraw. See Anders, v. California, 386 US 738, 18 Led. 2d. 493, 87 S. Ct. 1396.

"Counsel should and can be of more assistance to his client and to the court. His role as "advocate" requires that he support his clients appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Anders v. California, 386 at 498.

Petitioner Quenga contends that the law is clear and his issues are simple plain and precise, and that he will not go through a lenghty analysis like the government did in their response wasting this courts precious time and judicial resorces.

The Supreme Court has long held that a lawyer who disregards specific instructions from the defendant to file an appeal acts in a manner that is professionally unreasonable. See Roe v., Flores-Ortega, 528 US 470. At bar, though counsel did file notice of appeal, at least that's what he told Quenga, but failed to file any brief in support of the appeal.

Counsel led Quenga to think for months that the appeal was being prepared, then mailed Quenga a motion to withdraw that he counsel prepared requesting Quenga to sign the withdraw and told Quenga "just do it for now". Quenga contends had he known the possible consequences that he now faces he would have never signed the motion.

Quenga only signed the motion thinking and trusting counsel at his "word" that the appeal briefs would be filed at a later date. Quenga contends that the signing of the motion to withdraw his appeal was not "voluntary and knowing with an understanding of the consequences. Moreover, induced by coercion.

Quenga contends that he did not possess an understanding of the law in relation to the facts of the motion to withdraw his appeal. The motion to withdraw the appeal could also be characterized as a "contract". When Mr. Quenga signed his name to the motion to withdraw his appeal he entered into a contract (agreement) to withdraw his appeal. Under the law of contract Quenga was "undue influence" by counsel because counsel told him to just withdraw the appeal for now.

**UNDUE INFLUENCE**

Undue influence is unfair persuasion of a party who under the domination of the person exercising the persuasion or who by vitue of the relation between them is justified in assuming that that person will not act in a manner in consistent with his welfare. At bar, counsel dominated Quenga's mind with his advice and the statement he made. Counsel deprived Quenga of his freedom of choice. "Undue influence is the influence that deprives one person of his or her freedom of choice." 17A AM Jur. 2d. §221.

"Wherein the stronger party influences the weaker party in away that destroys the weaker party's free will and substitutes for it the will of the stronger party". 17A Am Jur. 2d. §221, North American Rayon Corp. v. C.I.R. 12 F. 3d. 583 (6th Cir. 1993).

3

"A critical element of "undue influence" invalidating a contract is that the stronger party seeks and obtains advantage. The unfairness of the resulting bargain is a factor to take into consideration in determining whether improper influence has been exercised so as to invalidate the contract but that consideration is not controlling.

Rather, "undue influence" involves some form of compulsion which coerces a person into doing something the person does not want to do". Here at bar, Quenga did not want to abandon his appeal but because counsel told him to(<u>do it just for now</u>" he agreed. Counsel being skilled in the science of law, knew that once Quenga signed the motion to withdraw his, his appeal was <u>terminated</u> with no changes to file again.

Counsel coerced Quenga into signing "undue influence" may be found when the party in whom another reposes confidence misuses that confidence to gain advantage while the other has been made to feel that the party in question will not act against his welfare.

"To invalidate a contract the undue influence must deprive the contracting party of free will". <u>Dent v. Wright</u>, 322, Ark. 256, 909 S.W. 2d. 302 (1995). At bar, Quenga was deprived of his free will to chose in a knowing and intelligent manner.

## FRAUD IN FACTUM:

"Fraud in factum exist where an alleged misrepresentation relates to the character of the document being signed, and the misresentation must go to the essential character of the documents signed, not merely ···

4

it's terms, such as where one party belives that he is giving out an autograph when he is in fact, entering a contract". See <u>Vasapolli v. Rostoff</u>, 39 F. 3d. 27 (1st Cir. 1994); fraud in the factum or execution, that is the sort of fraud that pre-cures a party's signature to in instrument without the knowledge of its true nature or contents, renders a contract void.

**DURESS**

Alternatively, a party can prevail by showing that he or she in-voluntarily accepted the terms of another, that the circumstances permitted no other alternative, and that the circumstances were the result of the coercive acts of the opposite party. Thus, three elements are necessary to establish defense of duress (1) that one side involuntarily accepted terms of another; (2) that circumstances permitted no other alternative ; (3) that the opposite party's coercive acts caused those circumstances. <u>17A Am Jur 2d. §218</u>.

Quenga has met the (3) prongs to establish a defense of duress. (1) He "involuntarily accepted the terms to withdraw his appeal from counsel; (2) That because counsel told him to "just do it for now", permitted him no other alternative.; (3) Because counsel told him to just do it for now Quenga contends this was an act of coercion that cause the circumstances in him "signing" the motion to withdraw.

**§2255 UNTIMELY**

The government asserts that Quenga's petition is untimely and characterizes such petition as a §2255 motion. Quenga is well aware of the fact that as a §2255 motion he is "untimely" pursuant to the AEDPA, that is the reason he presented...

his petition pursuant to 28 U.S.C. §1651, the All WRITS ACT, because he has no other avalible remedy requesting this court to chose one of the vehicles labled in his petition within this courts jurisdiction in order for his issues to be heard. Pursuant to the All writs act, this court must assume jurisdiction of one of the named vehicles in his original petition, being either 28 U.S.C. §1651, All Writs Act 28 U,S.C. §2255, 28 U.S.C. §2241, extraordinary writs of error coram nobis or audita querela.

Quenga contends that the court should treat his pro se petition and the courts ability to recharacterize his petition to fit the proper jurisdiction vehicle in which to bring his claims and issues. Under 28 U.S.C. §1651, All Writs Act," The Supreme Court and all courts established by an act of congress issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law". 28 U.S.C. §1651 (a) Writs.

### COUNSEL ACTED COMPETENTLY IN ADVISING QUENGA TO ABANDON APPEAL:

The government also asserts on page 4 at line 8-9 that counsel acted competently in advising Quenga to abandon his appeal. Quenga contends at no time even now has the government provided to this court a written document sworn and signed under the penalty of perjury that Mr. Hartsock has stated that he did not say to Quenga quote; "Just sign, Just for now! Even more importantly had counsel determine there were no issues to raise and that the appeal would have been "frivolous" and totally without merit. Quenga contends that counsel is still in violation of ANDERS, counsel failed to file a motion to the court pursuant to Anders.

## APPEAL MERIT:

The government contends that Quenga has failed to demonstrate that an appeal would have changed his sentence. Quenga contends that because counsel is in violation of Anders, and because counsel failed to perfect his appeal after Quenga specifically advised him to do, that he is entitled to a new appeal without demonstrating that an appeal would have changed his sentence as the government tries to argue on page-4-line 10-11.

Pursuant to <u>Roe v. Flores-Ortega</u>, "a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice (2); and counsel's failure to do so cannot be considered a strategic decision". <u>Roe v. Flores-Ortega</u>, (2000) 145 Led 2d. 985.

"We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. When counsel fails to file a requested appeal a defendant is entitled to a new appeal, without showing that his appeal would likely have has merit". <u>Roe v. Flores-Ortega.</u>

## RELIEF

Quenga respectfully prays this most Honorable Court grant a hearing in this matter, and or because of counsel's violation of Anders grant him relief, or because of counsel's failure to perfect his appeal to grant him the ability to file a new appeal without showing that his appeal would likely have had merit; pursuant to Anders, Roe v. Flores-Ortega, and any other relief this court deems is just fair, and proper.

Respectfully Submitted,

*[signature]*

Joseph Asano Quenga #02-104093
Federal Correctional Institution
1900 Simler Avenue
Big Spring Texas 79720
Sunrise Unit

## CERTIFICATE OF SERVICE

I hereby Certify and declare that a true and accurate copy of the foregoing petitioner's response to the government's response was mailed First Class Mail on this ___7___ day of, ___Sept___ 2005, to the following parties below:

Assistant U.S. Attorney
Karon V. Johnson
Mark E. Kondas
Suite 500, Sirena Plaza
108 Hernan Cortez Plaza
Hagatna Guam 96910-5009

*[signature]*