FILED
DISTRICT COURT OF GUAM
DEC -5 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

Joseph Quenga

v.

United States of America

CR/00-00134
Civil/05-00024

## MOTION TO AMEND

**Comes now** the Petititoner Joseph Quenga pro se files this motion to amend in the above cited case no. CR/00-00134, and Civil No: 05-00024 to amend his petition that he recently filed in this most Honorable Court a multi-jurisdictional petition that was filed on August 16, 2005. Petitioner files this motion to amend pursuant to Federal Rules of Civil Procedural Rule (15)(c) relation back to amendments, and in light of <u>Felix, v. Mayle</u>, (9th Cir. No:-0216614, 8/9/04.

The prisoner in this case filed a timely pro se Habeas petition raising a Sixth Amendment confrontation clause challenge to his conviction in state court. He was appointed counsel who following the expiration of the AEDPA limitations period filed an amended petition that raised not only the Sixth Amendment claim but also a claim alleging a violation of the Fifth Amendment's protection against the use of coerced confessions.

In an opinion by Judge William C. Canby Jr. the Ninth Circuit agreed with <u>United States v. Ellzey,</u> 324 F. 3d. 521, (7th Cir. 2003), that same transaction or occurrence should be interpreted to mean the trial and conviction. In other Civil litigation the Court has required relation-back of new claims even when the new claims are based on a different legal theory of which there was no warning in the original pleading.

The Court said quote: We fail to see why this literal application of Rule(15)(c) should not apply to Habeas Corpus proceedings.

## **VIOLATION OF THE SIXTH AMENDMENT CONFRONTATION CLAUSE:**

Quenga contends that his sentence is in violation of the Sixth Amendment confrontation Clause in that information obtained to determine his sentence and cause him to fall within a higher sentencing guideline was based on hearsay. Moreover his (PSI) is hearsay. The Sixth Amendment confrontation Clause provides that in all criminal prosecutions the accused shall enjoy the right to be confronted with the witnesses against him.

"Written evidence is almost useless; it must be freguently taken ex parte, and but very seldom leads to the proper discovery of Truth". <u>Crawford v. Washington,</u> (2004) 159 Led. 2d. 177 at 191. "It is a rule of common law founded on natural justice that no man shall be prejudice by evidence which he had not the liberty to cross examine". <u>Crawford,</u> (2004) 158 Led. 2d. at 191.

First, the principle evil at which the Confrontation Clause was directed was the civil law mode of criminal procedure and particularly its use of ex parte examinations as evidence against the accused.

The text of the Confrontation Clause reflects this focus. It applies to witnesses against the accused in other words those who bear testimony. Testimony in turn is typically a solemn declaration or affirmation made for the purpose of establishing or proving some fact. Where testimonial evidence is at issue, however the Sixth Amendment demands what the common law required, unavailability and a prior opportunity for cross examination. We leave for another day any definition of "Testimonial" what ever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing before a grand jury, or at a former trial; and to police interrogations. These are the modern practices with closets kinship to the abuses at which the confrontation clause was directed." Crawford v. Washington, (2004) 158 Led. 2d. 177 at 203.

Quenga is entitled to an evidentary hearing in this matter to resolve the issues that he presented in his multi-jurisdictional petition pursuant to the "All Writs Act 28 U.S.C. §1651", and this motion to amend in regard to his "Violation of the Sixth Amendment Confrontation Clause" claim. See Frazer v. United, States, 18 F. 3d. 778 781 (9th Cir. 1994).

**Wherefore these reasons,** Quenga prays this most Honorable Court grant him an evidentary hearing in this matter and any other relief this court deems is just fair, and proper.

Respectfully Submitted,

Joseph Quenga #021-04093
Federal Correctional Inst.
1900 Simler Avenue
Big Spring Texas 79720

3

CERTIFICATE OF SERVICE

I hereby Certify and declare that a true and accurate copy of the foregoing motion to amend pursuant to Federal Rules of Civil Procedural was mailed First Class Mail on this __28__, day of ___Nov___ 2005, to A.U.S.A. Mark E. Kondas Suite 500, Sirena Plaza 108 Hernan Cortez Plaza Hagatna Guam 96910, 5009.

4