FILED
DISTRICT COURT OF GUAM
APR -5 2006
MARY L.M. MORAN
CLERK OF COURT

### DISTRICT COURT OF GUAM
### TERRITORY OF GUAM

| | |
|---|---|
| JOSEPH ASANO QUENGA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Criminal Case No. 00-00134<br><br>Civil Case No. 05-00024<br><br>**ORDER** |

The Court is in receipt of Petitioner Joseph Quenga's ("Quenga") petition for postconviction relief[1] filed July 26, 2005. The Court deems the matter appropriate for decision without oral argument. FED. R. CIV. P. 78. Quenga claims that his sentence was unconstitutionally enhanced in light of the recent Supreme Court decision *United States* v. *Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005). He further asserts that his trial and appellate counsel were ineffective for failing to object to or raise the issue before the trial and appellate courts. After careful consideration of the matter, the Court finds no basis for the relief as requested and DENIES Quenga's motion.

### BACKGROUND

On November 21, 2000, Quenga pled guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). At the time of his plea, Quenga stipulated to facts contained in his plea agreement that:

---

[1] Quenga's petition is entitled "Petition Pursuant to 28 U.S.C. § 1651 All Writs Act, 28 U.S.C. $2255, Extraordinary Writs of Error Coram Nobis/Audita Querela Habeas Corpus 28 U.S.C. § 2241." *See,* Docket No. 31. Quenga also submitted a document entitled "Motion to Amend on December 5, 2005. Docket No 37. All submissions will be collectively dealt with and refered to as "motion."

> On August 30, 2000, the Guam Police Department and the Violent Street Crime Task Force executed a search warrant at the defendant's residence. The officers found six firearms in the defendant's residence. One of the firearms, a black .9mm Intratec assault-pistol, model TEC-DC9, Serial Number D070126 was found in the defendant's bedroom.
>
> On August 30, 2000, the defendant had been convicted of the following felony offenses: three counts of Burglary (Each as a 2nd Degree Felon) and two counts of Possession of a Firearm Without an Identification Card (Each as a Felony) on April 27, 1992, under Criminal Number CF094-91, [i]n the Superior Court of Guam, and two counts of Burglary (Each as a 2nd Degree Felony) on April 27, 1992, under Criminal Number CF094-91,[2] [i]n the Superior Court of Guam[.]

Plea Agreement at ¶ 7.

On July 31, 2002, the Court sentenced Quenga to one hundred seventy-four (174) months imprisonment. The judgment of conviction was entered on the docket on August 8, 2002. On August 12, 2002, Quenga's counsel filed a notice of appeal with the Ninth Circuit on Quenga's behalf. In November, 2002, Quenga's counsel filed a "Motion to Withdraw Appeal" signed by himself and Quenga. Grounds for withdrawal stated that "[t]his request is being made after a thorough review of the pleadings, transcripts and the case file. The Defendant in consultation with his counsel has determined that there are no non-frivolous appeal issues which could be appropriately presented to the court." On November, 25, 2002, the Ninth Circuit Court of Appeals ("Ninth Circuit") granted Quenga's motion and dismissed his appeal. United States *v.* Joseph Asano Quenga, 02-10426, D.C. No. CR-00-00134 (9th Cir. November 25, 2002). Docket No. 30. His conviction became final on February 24, 2003. Quenga, *pro se* and incarcerated, brought this motion requesting the Court to vacate his sentence. See Docket Nos. 31 and 37

## ANALYSIS

Quenga seeks habeas relief alleging that his sentence was unconstitutionally enhanced and therefore invalid. Quenga brings this petition offering several different jurisdictional theories including 28 U.S.C. § 1651 (writ of *Coram Nobis* or *Audita* Querela), 28 U.S.C. § 2241 and 28 U.S.C. § 2255.

---

[2] Closer review of the record and the Presentence Report, reveals that these two convictions were obtained under Guam Superior Court file number CF 150-91. The Court notes that ¶ 8 of the plea agreement confirms this fact, as Quenga acknowledged that the government would seek enhancements of his sentence utilizing the convictions that he stipulated to in ¶ 7.

**Quenga's claims are not cognizable as a either writ of *corim nobis* or *audita querela*.**

Writs of *corim nobis* and *audita querela* are only available to the extent that they fill "gaps" in the current system of post-conviction relief. *United States* v. *Valdez-Pacheco* 237 F. 3d 1077 (9th Cir. 2001). Writs of *corim nobis* and *audita querela* are a valid form of collateral attack apart from and in addition to § 2255 proceedings. *See United States* v. *Morgan,* 346 U.S. 502, 74 S. Ct. 247 (1954) (citing *United States* v. *Hayman,* 342 U.S. 205, 219, 72 S.Ct. 263, 272). However, "a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of *audita querela* [and by extension *corim nobis]* when that challenge is cognizable under § 2255 because, in such a case, there is no 'gap' to fill in the postconviction remedies." *Valdez-Pacheco* 237 F. 3d at 1080. Writs of *corim nobis* and *audita querela* are a form of **collateral review** that is an extraordinary remedy to be employed by the courts "only under circumstances compelling such action to achieve justice." *Morgan,* 346 U.S. at 511 (emphasis added).

Quenga cannot challenge his sentence pursuant to a petition for a writ of error *coram nobis* or *audita querela* because he is still in custody. *See* 28 U.S.C. § 2255; *Matus-Leva* v. *United States,* 287 F.3d 758, 761 (9th Cir. 2002) (deciding that a writ of *coram nobis* was unavailable to a defendant who was still in custody and could seek relief pursuant to a § 2255 motion). Even though Quenga has failed to timely file his $2255 motion, he "may not resort to *coram nobis* merely because he has failed to meet the AEDPA's gatekeeping requirements." *Id.*

Due to the nature of the allegations and the type of relief requested, Quenga's petition is more properly brought under § 2255. Additionally, the Court finds that Quenga has failed to provide sufficient facts that would compel the court to utilize such an extraordinary remedy in order to "achieve justice."

**Quenga's petitions are not properly brought under 28 U.S.C. § 2241.**

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." *Hernandez* v. *Campbell,* 204 F.3d 861, 864-5 (9th Cir. 2000); *United States v. Pirro,* 104 F.3d 297, 299 (9th Cir. 1997) *(quoting* § 2255). The Ninth Circuit has

recognized that it is a very narrow exception. *Id. Ivy* v. *Pontesso,* 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); *Aronson* v. *May,* 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); *Lorentsen* v. *Hood,* 223 F.3d 950, 953 (9th Cir. 2000) (same); *Tripati v. Henman,* 843 F.2d 1160, 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); *Williams* v. *Heritage,* 250 F.2d 390 (9th Cir. 1957); *Hildebrandt* v. *Swope,* 229 F.2d 582 (9th Cir. 1956); *see United States* v. *Valdez-Pacheco,* 237 F.3d 1077 (9th Cir .2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on Quenga to show that the remedy is inadequate or ineffective. *Redfield* v. *United States, 3*15 F.2d 76, 83 (9th Cir. 1963).

In this case, Quenga's direct challenge to his sentence is inappropriately raised in a petition filed pursuant to § 2241. Quenga states that he seeks relief pursuant to § 2241 because he "is unable to use § 2255 because in his case it has been rendered inadequate or ineffective." (Motion at 8, Docket No. 31.) However, Quenga has provided no facts or circumstances showing that § 2255 is either inadequate or ineffective other than to indicate that he is barred from filing by the statute of limitations. Quenga has not shown that he did not have an opportunity to present his claim in a prior $2255 motion. Indeed, Quenga does not allege that he has ever attempted to proceed via § 2255 during the nearly two and one-half years that have elapsed since his conviction became final in February 2003.

Quenga's remedy under § 2255 is not rendered inadequate or ineffective because he cannot meet the strict procedural requirements for filing a § 2255 petition. *Moore* v. *Reno,* 185 F.3d 1054, 1055 (9th Cir. 1999). Similarly, § 2255 is not inadequate or ineffective merely because a particular petitioner's § 2255 motion is procedurally barred. *Id.* at 1055. Further, § 2255 is not inadequate or ineffective because a petitioner misses the statute of limitations. *Id. See also, Ferguson* v. *Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003) (holding that AEDPA's one-year statute of limitations, even if in tension with a longer state statute of limitations, does not render federal habeas an inadequate or ineffective remedy). Accordingly, the Court finds that

despite the potential time bar with regard to Quenga's filing a § 2255 petition, § 2255 still remains an adequate and effective remedy to test the legality of Quenga's detention.

**Quenga's claims under 28 U.S.C. § 2255.**

Title 28 United States Code Section 2255 allows persons in federal custody to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by a court.[3] See, United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 2240 (1979). Since such a challenge calls into question a conviction's finality, collateral relief is an extraordinary remedy that should only be granted when a fundamental defect could have resulted in a complete miscarriage of justice, or the rudimentary rules of fair procedure were not followed. United States v. Timmreck, 441 U.S. 780, 783, 99 S. Ct. 2085, 2087 (1979).

Quenga claims that he is entitled to relief for the following reasons: 1) his sentence was improperly enhanced in light of United States v. Booker, 125 S.Ct. 738 (2005); 2) trial counsel was ineffective because counsel failed to address the issues raised in one above and **3**) counsel on appeal was ineffective for failing to continue with Quenga's appeal regarding number one above.

Quenga's motion is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, imposes a strict one-year limitation concerning the time frame within which a prisoner may bring a motion to vacate, set aside, or correct his sentence under that section. The one-year period runs from "the latest" of the events enumerated as follows:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[3] The statute states, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Here, if Quenga was to seek relief pursuant to § 2255 subsection (1), he would have had to do so within one year of February 24, 2003, when his judgment became final. However, as noted, Quenga did not file his motion until July 26, 2005, approximately one year and five months after the statute of limitations had expired. Accordingly, Quenga is barred from relief under subsection (1). Quenga therefore needs to establish that one of the conditions presented in subsections (2) through (4) occurred within the year preceding the filing of the instant motion. In other words, for the motion to be timely filed, one of the events in subsections (2), (3) or (4) must have occurred on or after July 26, 2004.

Quenga fares no better under subsections (2) through (4) as he fails to provide sufficient bases within the enumerated criteria. For example, in order to seek relief under subsection (2) Quenga would need to show the removal of a governmental action that previously impeded his seeking relief under § 2255. Quenga's motion makes no mention of any such removal. Accordingly, subsection (2) does not apply. Likewise, Quenga fails to provide any facts or argument that provide him relief under subsections (3) and (4). Although Booker is a Supreme Court decision, it has not been made retroactively applicable to cases on collateral review (3).[4] Nor is Quenga's claim supported by "newly discovered" facts as required in subsection (4). Again, because none of the four enumerated events occurred within one year prior to Quenga's motion being filed, the motion is untimely unless Quenga can demonstrate that an equitable tolling is warranted.

Equitable tolling of AEDPA's statute of limitations is "unavailable in most cases" and permissible only if "extraordinary circumstances beyond a prisoner's control make it impossible

---

[4] Justice Breyer in the *Booker* decision expressly stated that *Booker* applied only "to all cases on direct review." 125 S. Ct. at 769. Further, the Ninth Circuit, addressing this same issue of retroactive application, has held that *Booker* does not apply retroactively to cases on collateral review. See United States *v. Cruz,* 423 F.3d 1119, 1120 (9th Cir. 2005).

to file a petition on time." Miranda v. *Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted). The burden is on the petitioner to show that the exclusion applies and that the "extraordinary circumstances" alleged, rather than a lack of diligence on his part, were the proximate cause of his untimeliness. Spitsyn *v.* Moore, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman* v. *LaMarque,* 319 F.3d 1199, 1203 (9th Cir. 2003).

Quenga has failed to provide this Court with any information that would support the existence of such "extraordinary circumstances." His withdrawal of his appeal occurred in November 2002, over two and one-half years before he filed his petition. Even if he waited for a period of time for his counsel to "re-initiate" his appeal, Quenga has not demonstrated that he made any inquiries as to the reason for delay or even attempted to contact counsel. The Court finds that the amount of time that passed between the withdrawal and the filing of Quenga's petition demonstrated a lack of diligence on the part of Quenga. This lack of diligence was the proximate cause of his untimeliness. Accordingly, the Court finds Quenga's petition is untimely filed and barred by AEDPA's statute of limitations.

Procedural Bar. Assuming Quenga's Petition is timely filed, the Court considers whether Quenga's petition is procedurally barred. Quenga concedes that he failed to advance the instant claims in the district court prior to judgment in the criminal case and also failed to raise his claims on direct appeal. Claims not asserted previously, although available, are procedurally barred absent a showing of cause and actual prejudice. United States v. Frady, 456 U.S. 152, 166 (1982). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley* v. *United States*, 523 U.S. 614, 622 (1998).

Admittedly, Quenga did not bring this matter before either the trial/sentencing court or appellate court. However, Quenga alleges the reason he did not address it previously was due to ineffective counsel. See, Murray v. Carrier, 477 U.S. 478, 488 (1986) ("[i]neffective assistance . . . is cause for a procedural default"). Accordingly, the Court will consider Quenga's claims in that context.

<u>Ineffective Assistance of Counsel Claims</u>. To demonstrate ineffective assistance of counsel, Quenga must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland *v.* Washington, 466 U.S. 668, 687 (1984). A petitioner fulfills the first prong of the Strickland test by showing that "the behavior complained of falls below prevailing professional norms." United States v. *McMullen*, 98 F.3d 1155, 1158 (9th Cir. 1996). An inquiry into counsel's conduct probes "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688. In engaging in such an inquiry, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" especially where counsel's acts may be considered "'sound trial strategy.'" Id. at 689.

<u>Booker Claims</u>. Quenga claims that trial/appellate counsel provided ineffective assistance of counsel by failing to raise the issue that Quenga's sentence was improperly enhanced in violation of Booker. Quenga contends that the Court unlawfully utilized prior convictions without them actually having been proven beyond a reasonable doubt to a jury.

Because Quenga's conviction and sentence were final on or about February 24, 2003, when Booker was decided, Booker is only applicable if it applies retroactively to cases on collateral review. The Ninth Circuit has expressly held that Booker was not retroactive to cases on collateral review. United States v. *Cruz,* 423 F.3d 1119, 1120 (9th Cir. 2005). Accordingly, Quenga's claim in this regard is foreclosed.

Assuming that Booker should be applied retroactively to Quenga's case, Quenga bears the burden of demonstrating that, under the circumstances, counsel's decision not to challenge the enhancement of his sentence on this ground was objectively unreasonable, and that he was prejudiced as a result. See Strickland, U.S. 466 U.S. at 687-88. Quenga was sentenced to 174 months for pleading guilty to being a felon in possession of a firearm. Quenga's sentence was six months less than the statutory minimum required for an enhanced penalty under 18 U.S.C. § 924(e)(1). The enhancement was based on his prior violent felony convictions. Quenga's claim is foreclosed by United States v. Quintana-Quintana, 383 F.3d 1052 (9th Cir. 2004) (order) (observing that Blakely preserved the rule that a sentencing enhancement based on a prior

conviction need not be presented to a jury). This exception for prior convictions is reiterated in *Booker*. Under *Booker*, "[a]ny fact, **(other than a prior conviction)** which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (emphasis added). 543 U.S. at 244.

Even if the exception in *Booker* didn't apply, the record supports the Court's decision to enhance Quenga's sentence based on the prior convictions. Quenga has specifically stated that he is not challenging the validity of his plea or his conviction. *See* Motion at 5. Docket No. 31. Quenga clearly stipulated to all of the prior convictions that were utilized to enhance his sentence within the plea agreement itself. *See* Plea at ¶ 7. Quenga also acknowledged these convictions a second time, when he was placed on notice that the Government would seek to utilize these same convictions to enhance his sentence. *Id.* at ¶ 11. As such, at sentencing, the Court did not have to determine the existence of prior convictions, since this fact had already been established by Quenga's own admission in the plea agreement and at the guilty plea hearing. Nothing in the record indicates that the enhancement was improperly applied, hence *Booker* is not violated.

Trial/appellate counsel does not have a constitutional duty to raise every issue requested by the defendant and may weed out weak issues. *See Jones v. Barnes*, 463 U.S. 745, 751-54, 103 S.Ct. 3308 (1983); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997). Quenga would have had an insufficient factual basis to support the claim that the enhancement was improper. Based on the evidence as a whole, it cannot be said that counsel's decision not to challenge application of the armed career criminal enhancement fell outside the wide range of reasonable professional assistance. *Strickland,* U.S. 466 U.S. at 688-89. Likewise, because *Booker* was not violated, Quenga cannot demonstrate any resultant prejudice. Accordingly, the Court finds Quenga's claims that the precepts of *Booker* were violated in imposing his sentence and that his counsel was ineffective in this regard, are equally without merit. Quenga's requests with respect to these claims are denied.

*Quenga's Withdrawal of Appeal*. Quenga claims that he was "coerced" by his counsel to sign the request to withdraw his direct appeal. Quenga asserts that counsel urged him to "just

Case 1:00-cr-00134   Document 38   Filed 04/05/2006   Page 9 of 11

sign the withdraw[al] for now," leading him to believe "counsel would prepare the appeal briefs at a later date." See Quenga's Reply to Government's Opposition ("Reply") at 2. Docket No. 34. Quenga contends that counsel's statement subjected him to coercion, undue influence, fraud and duress rendering his agreement to withdraw his appeal involuntary.

Quenga claims that counsel's statement is tantamount to failing to file a notice of appeal at all and should be governed by the mandates of *Roe v. Flores-Ortega,* 528 U.S. 470, 120 S. Ct. 1029 (2000). However, the Court finds Roe inopposite to the case at bar. In Roe, counsel failed to file a timely notice of appeal despite the request of the his client to do so. Here, counsel did timely file the notice, however submitted a motion to withdraw the appeal seemingly with Quenga's consent some three months later. Quenga asserts that counsel should have filed a "no merit brief' and sought to withdraw pursuant to *Anders v.* California, 386 U.S. 738, 87 S. Ct. 1396, (1967). However, Quenga fails to acknowledge that a motion to voluntarily dismiss the appeal is a valid option for an appellant pursuant to FED. R. APP. P. 42(b) and 9th CIR. R. 27-9.1.[5]

Quenga's motion to withdraw his appeal specifically states "[t]he defendant in consultation with his counsel has determined that there are no non-frivolous appeal issues which could be appropriately presented to the Court." See Attachment to Docket No. 31. This language is simply worded and unambiguous. Quenga affixed his signature to this pleading thereby attesting to its assertions. Quenga does not dispute signing the motion. Rather, he asserts that despite the plain language of the document he believed that his appeal would continue. The amount of delay by Quenga in bringing the instant petition and the record in this matter indicate to the contrary. The Court finds even assuming that the statements allegedly made by counsel occurred, those statements do not rise to the level of coercion, duress, fraud or undue influence. Counsel's use of such language in speaking with Quenga did not fall outside the wide range of reasonable professional assistance.

Even if counsel's performance did amount to coercion in procuring Quenga's consent to withdraw the appeal, to the extent that Quenga is in fact collaterally attacking his sentence by

---

[5] *See also McCoy v. Court of Appeals of Wisconsin, Dist.* 1, 486 U.S. 429, 108 S.Ct. 1895 (1985) in its decision the Court acknowledged three options available to the appellant if counsel determines the appeal to be frivolous, 1) voluntarily dismiss the appeal; 2) he could go forward without a lawyer; or 3) he could proceed and counsel would be required request to withdraw from the case and to inform the court of the strongest arguments the lawyer could make in support of the appeal but would also advise the court of the lawyer's conclusion that the appeal is frivolous. Id. at 431.

alleging the ineffective assistance of counsel on appeal, he must not only show that the conduct of counsel was outside the wide range of professionally competent assistance, but also must show prejudice because of the actions of counsel. *Strickland,* 466 U.S. at 687-90; *Denham* v. Deeds, 954 F.2d 1501, 1505 (9th Cir. 1992).

Quenga has failed to demonstrate how he was prejudiced by the withdrawal of his appeal. Quenga asserts only a preclusion from a Booker claim in support his claim of prejudice. Any ineffective assistance did not prejudice Quenga in a legal sense. His arguments regarding his Booker claim have been considered by this court and rejected on their merits. Because Quenga has not shown that his failure to appeal was due to counsel's ineffectiveness, Quenga has not established cause for his failure to raise his sentencing claims on appeal.

## CONCLUSION

The Court has reviewed each of the issues raised by Quenga and finds that the records of the case conclusively show that Quenga is not entitled to relief. Accordingly, Quenga's motion for relief is DENIED.

**IT IS SO ORDERED** this ___5___ day of April, 2006.

ROGER T. BENITEZ
United States District Judge

---

* The Honorable Roger T. Benitez, United States District Judge for Southern California, sitting by designation.