
**FILED**
DISTRICT COURT OF GUAM
MAY 11 2006
MARY L.M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| JOSEPH ASANO QUENGA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Criminal Case No. 00-00134<br><br>Civil Case No. 05-00024<br><br>**ORDER** |

This matter comes before the Court on Petitioner Joseph Quenga's ("Quenga") Motion for Certificate of Appealability ("motion") following the Court's denial of his petition for postconviction relief. *See* Docket No. 38.[1] A certificate of appealability may be issued from a final order in a proceeding under § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Quenga has made no such showing. Accordingly, the Court DENIES Quenga's request for a certificate of appealability.

Quenga maintains that this Court "never addressed his sixth amendment confrontation cause claim, but only denied the motion to amend"[2] He is mistaken. The Court in denying Quenga's petition did consider his request to add a sixth amendment claim. See Order, note 1,

---

[1] Quenga's petition was entitled "Petition Pursuant to 28 U.S.C. § 1651 All Writs Act, 28 U.S.C. § 2255, Extraordinary Writs of Error Coram Nobis/Audita Querela Habeas Corpus 28 U.S.C. § 2241." *See,* Docket No. 31. Quenga also submitted a document entitled "Motion to Amend" on December 5, 2005. Docket No 37. All pleadings were dealt with collectively. The Court found that Quenga's petition was more properly brought pursuant to 28 U.S.C. § 2255.

[2] See, Motion, Docket No. 41.

**ORIGINAL**

Docket No. 38. The Court denied Quenga's petition as untimely and procedurally defective. Either of these bases served fatal to his requests for relief. Therefore, there was no need to reach the merits of Quenga's assertion regarding his Sixth Amendment rights. However, the Court did discuss this issue impliedly when it addressed Quenga's *Booker* claim.[3]

Citing *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004), Quenga claims that his sixth amendment rights were violated because his sentence was improperly enhanced. At sentencing the Court considered hearsay evidence regarding his prior convictions. Quenga maintains that he did not have the ability to "confront the witnesses against him" with respect to these convictions and the information contained in his presentence investigation report. As this Court previously noted in its analysis of the merits of Quenga's *Booker* claim, the record supports the Court's decision to enhance Quenga's sentence based on the prior convictions.

> Quenga has specifically stated that he is not challenging the validity of his plea or his conviction. *See* Motion at 5. Docket No. 31. Quenga clearly stipulated to all of the prior convictions that were utilized to enhance his sentence within the plea agreement itself. *See* Plea at ¶ 7. Quenga also acknowledged these convictions a second time, when he was placed on notice that the Government would seek to utilize these same convictions to enhance his sentence. *Id.* at ¶ 11. As such, at sentencing, the Court did not have to determine the existence of prior convictions, since this fact had already been established by Quenga's own admission in the plea agreement and at the guilty plea hearing. Nothing in the record indicates that the enhancement was improperly applied . . .

*See* Order at 9, Docket No. 38. This same analysis applies with respect to Quenga's *Crawford* claim. In admitting to his prior convictions as part of the plea agreement, the issue was not in dispute. Recently, the Ninth Circuit Court of Appeals has found that "hearsay is admissible at sentencing, so long as it is accompanied by some minimal indicia of reliability." *United States v. Littlesun*, --- F.3d ---, 2006 WL 1044222 (9th Cir. April 21, 2006). Accordingly, Quenga's claim in this regard is foreclosed.

Quenga has not substantially demonstrated the denial of his constitutional rights, pursuant to 28 U.S.C. § 2253(c)(2) nor has he demonstrated that the issues surrounding this Court's denial

---

[3] *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005)

of Quenga's § 2255 petition are "debatable among jurists of reason." *See Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002). Accordingly, Quenga's motion for a certificate of appealability is DENIED.

**IT IS SO ORDERED** this \_\_1\_\_ day of May, 2006.

JOHN C. COUGHENOUR*
United States District Judge

---

\* The Honorable John C. Coughenour, United States District Judge for Western Washington, by designation.